BRYAN, Judge,
concurring specially.
Although I am very troubled by the Board’s order upholding the employer’s termination of the employee’s employment, I grudgingly concur. In November 1999, the employee received a “meets standards” rating on his annual job evaluation. In March 2000, the employer dismissed the employee based on his alleged inability to perform the essential functions of his job. The employee, in the time between his favorable job evaluation and his dismissal, continued to work in the same manner as he had been working before his evaluation. Despite these facts, the employer dismissed the employee, and the Board upheld that dismissal.
Had I been the fact-finder, I would have given significant weight to the fact that the employee had received a “meets standards” rating on his evaluation shortly before his dismissal. State agencies and review boards should be reluctant to dismiss or uphold the dismissal of an employee when that employee has recently received a favorable job rating, especially in the absence of intervening information weighing in favor of termination of employment. Dismissing an employee under such circumstances borders on being arbitrary and capricious. However, in this case, shortly after the employee’s job evaluation, his employer received information from the employee’s treating physician indicating that the employee could not perform many of the essential functions of his job. The employer dismissed the employee shortly thereafter.
As the main opinion notes, the Board’s order “shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.” § 41-22-20(k), Ala.Code 1975. Although the record on appeal contains evidence supporting the employee’s position, the record can be read as containing substantial evidence supporting the Board’s order upholding the dismissal. Accordingly, the circuit court erred in substituting its judgment for the Board’s concerning the weight of the evidence.